EMIL E. HOCHBERGER, PLAINTIFF-APPELLANT, v. G. R. WOOD, INC., DEFENDANT-RESPONDENT; LAWRENCE S. MAGEE AND PRISCILLA C. MAGEE, JOINTLY AND SEVERALLY, DEFENDANTS.

Submitted February 16, 1940—Decided April 25, 1940.

For the plaintiff-appellant, *Walter S. Keown*.

For the defendant-respondent, *Kenworthy & Clark* (*Bennett Clark*, of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal brings up for review a judgment of nonsuit entered by the trial court in the Camden Circuit of the Supreme Court in an action for personal injuries suffered by the plaintiff-appellant as he was alighting from the automobile bus of the defendant-respondent, G. R. Wood, Inc., in which he was a passenger.

The testimony was that the plaintiff appellant was being carried in the bus of defendant-respondent from Camden to Woodbury Heights over the Glassboro Pike, the roadway of which was of concrete at least twenty feet wide, with an eight-foot gravel shoulder on the easterly side. He asked the driver to let him off at Woodland avenue which enters the pike from the east but does not cross it. The bus was stopped at Woodland avenue with its right front wheel six inches to a foot off the concrete roadway onto the gravel shoulder. The bus driver opened the door and as the plaintiff-appellant alighted he turned to get his bag from the bus and then saw the automobile of the defendants Magee bearing down on him from the rear entirely on the shoulder of the road to the right of the bus. Before he could get back into the bus, which he attempted to do, he was struck by the Magee automobile, knocked to the ground and injured.

Upon the granting of the motion of nonsuit as to defendant-respondent, G. R. Wood, Inc., the plaintiff-appellant submitted to a voluntary nonsuit as to the defendants Magee.

We have concluded that the proofs did not establish any wrongful act on the part of the defendant-respondent which was the proximate cause of the accident and that the nonsuit was properly entered and should be affirmed.

The argument of the plaintiff-appellant is that the most favorable aspect of the testimony raised questions of fact as to whether the defendant-respondent, a common carrier of passengers owing a duty to use a high degree of care, was

guilty of negligence which was the proximate cause of the accident. In support of the argument it is contended that the Traffic act was violated by the defendant-respondent in several respects from which violations factual questions of negligence were raised for the consideration of the jury.

First it is argued that *R. S.* 39 :4-65 was violated. That section prohibits the stopping of a vehicle for the purpose of taking on or off persons "other than at the curb or side of the road or highway." We do not construe this as to require a vehicle to leave the concrete and cross over the shoulder. The shoulder is not designed nor constructed for general traffic uses but is rather for emergency uses such as parking of vehicles disabled or otherwise. The purpose of the Traffic act was to insure safety in the use of our highways. To construe this section as is urged would more likely have the contrary effect. If heavy buses are required to leave the paved portion of the road and to travel across the shoulder to the edge thereof it is probable that the shoulders would generally be incapable of such use which in our view was not intended by the legislature. Had the bus gone to the extreme edge of the shoulder of the road in the instant case the plaintiff would have been obliged to alight in wild grass and shrubbery which was adjacent to the shoulder. We do not think the Traffic act carries any such mandate.

It is also argued that there was a violation of *R. S.* 39 :4-135 which prohibits a vehicle from stopping, standing or parking in a roadway other than parallel with the edge of the right-hand side of the road and "with the curb side of the vehicle within six inches of the edge of the roadway." This section, like the one next to be considered, appears in the statute under the general heading of "parking." This bus was not parked within the meaning and intent of the statute. Moreover we think that the meaning of roadway was not to include therein the shoulder but rather only the paved portion which alone was designed and intended for the carrying of traffic.

Nor do we think that there was a violation of *R. S.* 39 :4-136 as argued. That section prohibits the parking or leaving of a vehicle "upon the paved, improved or main traveled portion of a highway" where it is practical to park or

leave it elsewhere and further not to park or leave a vehicle standing upon a highway "unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of the highway * * * is left for free passage of other vehicles thereon * * *." As already observed we think that this bus was not parked. Nor was it left on the highway within the meaning of this section. Moreover it would seem as though there was in fact a clear and unobstructed width of fifteen feet or more to the left of the bus upon the concrete which was the main traveled portion of the highway.

Finally it is urged that *R. S.* 39:4-67 was violated. That section provides that "No vehicle or street car shall so occupy a street as to interfere with or interrupt the passage of other street cars or vehicles." We think that the proofs showed no interference with the proper use of the road by other vehicles.

The judgment is affirmed.

*For affirmance*—PARKER, CASE, BODINE, DONGES, PORTER, HETFIELD, DEAR, WELLS, JJ. 8.

*For reversal*—THE CHIEF JUSTICE, HEHER, PERSKIE, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 6.